**UNITED STATES COURT OF APPEALS**
**Filed 6/12/96**
**TENTH CIRCUIT**

RUTH E. FABRITIUS,

    Plaintiff-Appellant,

    v.

UNITED STATES OF AMERICA;
WILLIAM J. CLINTON, President of the
United States of America;
IMMIGRATION & NATURALIZATION
SERVICE,

    Defendants-Appellees.

No. 95-1483
(D.C. No. 95-S-1788)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant Ruth Fabritius, proceeding *pro se* and *in forma pauperis*, filed this action against the defendants seeking monetary damages, medical and dental expenses, and provision for food and shelter. The district court dismissed the action under 28 U.S.C. § 1915(d) (1994).[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and we now affirm.

Plaintiff is a seventy-five year old immigrant from Solingen, Germany. The handwritten complaint alleges that on October 9, 1985, plaintiff was the victim of an attempted murder, assault and theft in Houston, Texas, while she was engaged in official duties in the employment of the President of the United States of America. The complaint also recites a string of thefts, assaults and other crimes allegedly committed against the plaintiff by unknown assailants since 1962. Plaintiff alleges that she has been rendered indigent by these various criminal episodes and in support has attached to her complaint a list of losses she has incurred while in the United States. Plaintiff styles her suit as one for "personal injury" and has named as defendants various unknown assailants, the United States, President Clinton, and the Immigration and Naturalization Service ("INS"). The district court found the allegations in the complaint legally frivolous. The

_____

[1] The district court stated as an alternative ground for dismissal the plaintiff's failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8.

- 2 -

court also held that the action against the governmental defendants was barred by sovereign immunity and dismissed the action.[2]

The district court correctly concluded that the United States and the INS were immune from suit under the doctrine of sovereign immunity. See generally United States v. Testan, 424 U.S. 392 (1975). "Sovereign immunity generally bars suits against the United States or its agencies, whether brought by a private party or by a state." Kelley v. United States ex rel. Department of Justice, 69 F.3d 1503, 1507 (10th Cir. 1995), cert. denied, 116 S. Ct. 1966 (1996). Because plaintiff seeks money damages and does not seek "to enjoin the enforcement of an unconstitutional statute," id., a federal court lacks jurisdiction to entertain her claim. Thus, plaintiff's claims against the United States and the INS were properly dismissed by the district court under 28 U.S.C. § 1915(d) (1994). See Nietzke v. Williams, 490 U.S. 319, 327 (1989) (noting that § 1915(d) "accords judges the authority to dismiss . . . claims against which it is clear that the defendants are immune from suit").

The President stands on a slightly different footing. The President enjoys absolute immunity from damages liability for his official acts--even those within the "outer perimeter" of his official responsibility, Nixon v. Fitzgerald, 457 U.S. 731, 756 (1982).

_____

[2] As noted, plaintiff also sued various "unknown assailants." We do not address plaintiff's claims, if any, against these unnamed defendants because plaintiff has failed to identify and serve these persons.

- 3 -

Because plaintiff has not alleged that her injuries are attributable to any unofficial acts of the President, the President is immune from a suit for money damages, and plaintiff's claim was properly dismissed. See Nietzke, 490 U.S. at 327.[3]

We note that on April 26, 1996, subsequent to the district court's dismissal order, the President signed into law the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). Although the Act makes significant amendments to the *in forma pauperis* statute, 28 U.S.C. § 1915, it does not alter the outcome in this case. As amended, the statute now provides:

> [T]he court shall dismiss [a case filed *in forma pauperis*] at any time if the court determines that-- . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) *seeks monetary relief against a defendant who is immune from such relief*.

Pub. L. No. 104-134, § 804(a)(5) (emphasis added) (to be codified at 28 U.S.C. § 1915(e)). The emphasized language codifies the rule applicable to *in forma pauperis* cases that the district court may dismiss a claim *sua sponte* when "it is clear the defendants are immune from suit." Nietzke, 490 U.S. at 327. Indeed, under the new legislation, the use of the word "shall" indicates that district courts are now obligated to dismiss such legally groundless claims.

---

[3] Plaintiff stated at one point in her Notice of Appeal that she was "not appealing the dismissal" of her action, but rather was appealing "certain statements entered in this action." Our appellate jurisdiction in this case is confined to reviewing judgments, not statements. Therefore, we construe plaintiff's Notice of Appeal as asking us to review the correctness of the district court's final judgment.

The judgment of the district court is **AFFIRMED**.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge